# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 05-0072-LRR |
| vs. | |
| RUSSELL ALAN HEBERT, JR., | **ORDER** |
| Defendant. | |

_____

**TABLE OF CONTENTS**

*I.*   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*   *PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III.*   *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IV.*   *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A.*   *Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B.*   *Conclusions of Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## I. INTRODUCTION

The matter before the court is Defendant Russell Alan Hebert, Jr.'s November 10, 2005, Objection (docket no. 23) to the Report and Recommendation (docket no. 20) which denied Hebert's Motion to Suppress (docket no. 14).

## II. PROCEDURAL BACKGROUND

On August 24, 2005, Defendant was charged in a five count Indictment. Count 1 charges Defendant under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and 18 U.S.C. § 2 with combining, conspiring, confederating and agreeing with other persons, known and unknown, to distribute and aid and abet the distribution of 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance between about January 2002 and July 14, 2004. Count 2 charges Defendant under 18 U.S.C. § 1956(h) with combining, conspiring, confederating and agreeing with other persons, known and unknown, to commit the following crime: knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction involving the proceeds of specified unlawful activity with the intent to promote the carrying on of the specified unlawful activity, between about January 2002 and July 14, 2004. Count 3 charges Defendant under 21 U.S.C. § 856 and 18 U.S.C. § 2 with opening, maintaining, managing, controlling and making available for use, with or without compensation, and aiding and abetting the opening, maintaining, controlling and making available, any building, room or enclosure, to wit: 1400 Walker Street, Ely, Iowa, for the purpose of unlawfully manufacturing, storing, distributing and using a controlled substance, including marijuana, a Schedule I controlled substance, between about January 2002 and July 14, 2004. Count 4 charges Defendant under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) with possession with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, on or about July 14, 2004. Count 5 charges Defendant under 18 U.S.C. §§ 922(g)(3) and 924(a)(2) with possessing a Remington 12 gauge shotgun, Model 870 Express Magnum, Serial No. A293326M and a Western Auto Supply Revelation 12 gauge shotgun, Model #R310AB, Serial No.

G095837, in and affecting commerce while being an unlawful user of a controlled substance. The Indictment also contains a forfeiture provision. It provides that, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that by virtue of the commission of Count 5, Defendant shall forfeit any firearm involved in or used in the violation of 18 U.S.C. § 922(g)(3).

On October 10, 2005, Defendant filed a Motion to Suppress (the "Motion") (docket no. 14). In such Motion, Defendant seeks to suppress the statements that he made to law enforcement officers on July 14, 2004. On October 17, 2005, the government filed a Resistance to Defendant's Motion (docket no. 16). On October 24, 2005, Chief Magistrate Judge John A. Jarvey held an evidentiary hearing on the Motion (the "Hearing"). Defendant was personally present and represented by counsel, John Bishop. Assistant United States Attorney C.J. Williams represented the government. On November 1, 2005, Judge Jarvey filed a Report and Recommendation (docket no. 20) recommending the denial of Defendant's Motion. On November 10, 2005, Defendant filed his Objection to Report and Recommendation ("Objection") (docket no. 23). The court finds these matters fully submitted and ready for decision.

### III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant has made specific, timely objections to the Report and Recommendation. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which

3

objection is made" is required. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (providing for review of a magistrate judge's report and recommendation on dispositive motions).

## *IV. ANALYSIS*

### *A. Findings of Fact*

After a *de novo* review of the record, the court adopts Judge Jarvey's findings of facts in the Report and Recommendation.

### *B. Conclusions of Law*

In his Objection, Defendant asserts that he was "in custody" during the time that he spoke with law enforcement officers on June 14, 2004. Defendant disagrees with Judge Jarvey's determination that he was not "in custody" and, therefore, his statements were voluntarily given to law enforcement.

An individual's right to *Miranda* warnings only attaches if the person is in custody. *Miranda v. Arizona*, 384 U.S. 436, 439 (1966) (applying protections only to one "who is subjected to custodial police interrogation"). The phrase "custodial interrogation" is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id*. In determining if a person was "in custody" for *Miranda* rights purposes, the court makes a two-part inquiry: (1) what were the circumstances surrounding the interrogation and (2) based on those circumstances, would a reasonable person have felt free to leave the interrogation. *United States v. Lebrun*, 363 F.3d 715, 720 (8th Cir. 2004). The objective standard of how a reasonable person in the suspect's position would have understood the situation outweighs the suspect's subjective beliefs. *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984); *United States v. Boucher*, 909 F.2d 1170, 1174 (8th Cir. 1990).

The relevant factors to be considered in determining whether a reasonable person

4

would have felt that he was free to terminate the interrogation, include his ability to leave the scene, as well as the purpose, place and length of interrogation. *United States v. Griffin*, 922 F.2d 1343, 1348 (8th Cir. 1990) (citations omitted). "While the accused's freedom of action during the interrogation remains a critical factor, the purpose, place, and length factors have been interpreted to have inconclusive independent relevance to the determination of custody." *Id*.

An evaluation of the circumstances surrounding the statements made by Defendant on June 14, 2004, supports the finding that because Defendant was not "in custody," he was not entitled to *Miranda* warnings, and, thus, his statements to law enforcement officers were voluntary. Officers arrived at Defendant's residence to execute a search warrant. Before the residence was searched, Special Agent in Charge Richard LaMere and Sergeant Mark Strait approached Defendant, who was in the yard with a friend, to inform him that a search was about to take place. Neither officer was in uniform, and, although both were armed, their weapons were concealed. SAC LaMere, Sergeant Strait and Defendant sat at a picnic table in the backyard to discuss the search. SAC LaMere explained what the search of the residence would entail and told Defendant that he was free to leave. SAC LaMere later asked Defendant if he would take possession of the residence after officers completed the search and explained to Defendant that he could assist officers by walking through the house to make certain everything was back in its proper place after the search. Sergeant Strait testified that no one intended to arrest Defendant unless "something way worse happened" than they anticipated. At some point, SAC LaMere left the picnic table and Deputy Brennan, along with Sergeant Strait, continued their discussion with Defendant. Defendant never asked to call anyone, never acted nervous or upset and spoke to the officers "quite freely." Sergeant Strait testified that the entire interview lasted less than one hour and, as originally anticipated, Defendant was not placed under arrest.

No evidence was presented during the Hearing to indicate that Defendant felt as though he could not leave the interview. Defendant was informed by SAC LaMere that he was free to leave but that it would be helpful if he stayed to take possession of the residence when the search was complete. No evidence was presented to support Defendant's assertion that his statements were not freely and voluntarily given to the officers. Statements volunteered by a defendant are not the product of interrogation. *United States v. Lockett*, 393 F.3d 834 (8th Cir. 2005). Defendant's claim that officers misled him by telling him that he was not going to be harmed is meritless. When explaining what would happen upon the execution of the search warrant, SAC LaMere told Defendant that neither he nor his home would be harmed or damaged. Taken in context, this statement by SAC LaMere is not coercive or misleading.

The court agrees with Chief Magistrate Judge Jarvey's analysis and finds no merit it Defendant's Objection to the Report and Recommendation's conclusions of law.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) The court **DENIES** Defendant Russell Hebert, Jr.'s Motion to Suppress (docket no. 14).

(2) The court **ADOPTS** Chief Magistrate Judge Jarvey's Report and Recommendation of November 1, 2005 (docket no. 20).

(3) The court **OVERRULES** Defendant Russell Hebert, Jr.'s Objection to Report and Recommendation (docket no. 23).

(4) The period between the filing of Defendant's Objection and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C.

§ 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**SO ORDERED.**

**DATED** this 15th day of November, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA